# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Null,                          :
          Petitioner            :
                                  :
          v.                     : No. 833 C.D. 2018
                                  : Submitted: November 21, 2018
Pennsylvania Board of                 :
Probation and Parole,                 :
          Respondent           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: January 31, 2019

       Justin Null petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) recommitting him as a convicted parole violator to serve his unexpired term. Null argues that the Parole Board failed to give him credit on his original sentence for the time he was incarcerated on the Board's detainer. For the reasons that follow, we affirm the Parole Board's adjudication.

       In 2015, Null was sentenced to a term of incarceration of one to three years for criminal attempt and criminal trespass (original sentence). His maximum sentence date was August 6, 2018.

       On January 17, 2017, Null was paroled to a Community Corrections Center in Harrisburg, Pennsylvania. On February 20, 2017, Null absconded from parole supervision. On March 17, 2017, Null was detained on the Parole Board's warrant.

On March 20, 2017, the Lewistown Police Department charged Null with possession of drug paraphernalia. On May 24, 2017, Null pled guilty and was ordered to pay fines and costs. On June 21, 2017, the Parole Board recommitted Null to a state correctional institution as a convicted parole violator, with a maximum sentence date of August 31, 2018.

On August 21, 2017, Null was reparoled to an approved residence in Lewistown, Pennsylvania. On November 7, 2017, Null was arrested in Lewistown for criminal trespass. Because Null was unable to post bail, he remained incarcerated on the criminal trespass charges. On the following day, November 8, 2017, the Parole Board lodged a detainer against Null for violations of his parole. On December 19, 2017, Null pled guilty to criminal trespass and was sentenced to one to two years of incarceration (new sentence). The trial court credited the time he was incarcerated awaiting trial from November 7, 2017, to December 19, 2017, toward his new sentence.

By decision of March 6, 2018, the Parole Board recommitted Null as a convicted parole violator to serve the unexpired term on his original sentence, which was 9 months and 23 days. The Parole Board awarded Null credit for the time spent at liberty on parole.[1] Null's parole violation maximum sentence date was calculated to be November 29, 2018.[2]

---

[1] When a parolee is recommitted as a convicted parole violator, he must serve the remainder of the term which he would have been compelled to serve had the parole not been granted. 61 Pa. C.S. §6138(a)(2). In addition, the parolee does not receive credit for his time at liberty on parole unless the Parole Board, in its discretion, awards the parolee credit for this time. 61 Pa. C.S. §6138(a)(2.1).

[2] On November 29, 2017, Granville Township Police Department arrested Null for receiving stolen property. Subsequently, Null pled guilty and was sentenced to a six-month term of probation and to pay a fine. By decision recorded April 27, 2018, the Parole Board determined to "note [the] conviction[.]" Certified Record at 166 (C.R. __). Null remained incarcerated to serve the unexpired term on his original sentence.

Null filed a request for administrative relief wherein he challenged the Parole Board's calculation of his maximum sentence date. Null contended:

> I have a parole warr[a]nt date of 11-8-17 when I had a parole detainer lodged against me, [b]ut I am only receiving credit from 2-6-18. I was retur[ ]ned to Camp Hill as a parole violator 1-19-18. Could I please be given credit from 11-8-17 or at least 1-19-18[?] Thank you[.]

Certified Record at 168. By decision mailed June 1, 2018, the Parole Board denied Null's administrative appeal. Null then petitioned for this Court's review.[3]

On appeal,[4] Null argues that the Parole Board erred in calculating his parole violation maximum date. Null contends that he "has a right to receive time credit for all time served on [the Parole Board's] detainer[.]" Null Brief at 5. Null seeks credit on his original sentence for the period from November 8, 2017, until February 6, 2018, when the Board revoked his parole. The Parole Board responds that Null is not entitled to credit for this time because he was not incarcerated solely on the Board's detainer; accordingly, this time can only be credited to his new sentence.

We begin with a review of the law regarding allocation of credit for time served awaiting disposition of new criminal charges. Generally, if a defendant "remains incarcerated prior to trial because he has failed to satisfy the bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito v. Pennsylvania Board of Probation and*

---

[3] Although Null has completed serving his original sentence, it does not render his appeal moot. Were the Court to grant his appeal, time served on his original sentence could be applied to his new sentence.

[4] This Court's review determines whether the Parole Board's findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated in the adjudication. 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

3

*Parole*, 412 A.2d 568, 571 (Pa. 1980) (internal footnote omitted). However, "if a defendant is being held in custody solely because of a detainer lodged by the [Parole] Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Id.*

In *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), our Supreme Court addressed the allocation of pre-sentence confinement time when the length of pre-sentence confinement exceeds the sentence imposed for the new crimes. It explained that

> where an offender is incarcerated on both a [Parole] Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.

*Id.* at 309 (internal footnote omitted). Recently, the Supreme Court confirmed that

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to *Gaito*, … developed in *Martin*, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

*Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 768-69 (Pa. 2017).

Here, the Parole Board lodged a detainer against Null on November 8, 2017, but this detainer was not the sole reason for Null's pre-sentence confinement. His detention was also based on the criminal trespass charge, for which he did not post bail. Accordingly, that period of confinement must be applied to the new

4

sentence.[5] *Gaito*, 412 A.2d at 571; *see also Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996) ("[T]ime served by the prisoner prior to the date parole is revoked must be applied to the new sentence.").

The record shows that the sentencing court expressly applied the period of Null's pretrial incarceration from November 7, 2017, to December 19, 2017, to his new sentence. This time cannot be credited to Null's original sentence. As we have explained, credit on the original sentence may be granted "only when it has not been credited toward another sentence." *Bright v. Pennsylvania Board of Probation and Parole*, 831 A.2d 775, 778 (Pa. Cmwlth. 2003).[6] Null contends, however, that he did not receive credit on his new sentence for his continued incarceration from December 19, 2017 (the date he was sentenced) until February 6, 2018 (the date his parole was revoked). He contends that this period of confinement should be credited to his original sentence. We disagree.

The trial court's sentencing order did not expressly address this period of incarceration. This omission, however, does not mean that the time gets credited to his original sentence. *See Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 54 (Pa. Cmwlth. 2007) ("[I]f a trial court does not give an inmate full credit for time served, the Board has no duty to give an inmate full credit for time served."). Null's continued incarceration was the result of his new sentence; therefore, this time should be applied towards his new sentence. *See Buczynski v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 621 C.D. 2017,

---

[5] Null was detained on the new criminal charges from November 7, 2017, until February 6, 2018, or 91 days. He was convicted and sentenced to one to two years of incarceration. Since his sentence was greater than his detention, *Martin* is inapplicable.

[6] Likewise, Null's reliance on *Commonwealth v. Schwartz*, 379 A.2d 319 (Pa. Super. 1977), is misplaced. Unlike the parolee in *Schwartz*, Null did not post bail. Although the Parole Board filed a detainer, Null's continued detention was as a result of his new criminal charges. Thus, his pretrial confinement time must be credited to his new sentence.

filed December 4, 2017) (unreported) (post-sentence incarceration must be credited towards the parolee's new sentence).[7]  If Null fears that this time will not get applied to his new sentence, then his remedy lies with "the [sentencing] court and through the direct appeal process[.]"  *Id.*, slip op. at 5 (quoting *Koehler*, 935 A.2d at 54).  We reject Null's claim for credit on his original sentence for the period of his incarceration from December 19, 2017, to February 6, 2018.

With respect to the calculation of a new maximum sentence date, this Court has held that "a parole violator's new maximum date is calculated from the date on which the [Parole] Board obtained the second signature needed to recommit him as a [convicted parole violator]."  *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016).  Here, on February 6, 2018, the Parole Board obtained a second signature from a panel member to revoke Null's parole.  Thus, February 6, 2018, is the date from which the Parole Board must calculate Null's new maximum sentence date.

When Null was paroled on August 21, 2017, his maximum sentence date was August 31, 2018.  Null had 375 days remaining on his sentence.  In recommitting Null as a convicted parole violator, the Parole Board awarded him credit for the time he spent at liberty on parole, *i.e.*, from August 6, 2017, until November 8, 2017, which was 79 days.  Subtracting 79 days from 375 days left 296 days remaining on Null's original sentence.  Adding 296 days to February 6, 2018, results in a maximum sentence date of November 29, 2018.  Thus, the Parole Board correctly calculated Null's new parole violation maximum sentence date.

---

[7] Unreported opinions of this Court are not binding precedent, but may be cited for their persuasive value.  Section 414 of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414.

For these reasons, we affirm the Parole Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Null,                                    :
                Petitioner            :
                                :
            v.                            :  No. 833 C.D. 2018
                                :
Pennsylvania Board of                           :
Probation and Parole,                           :
                Respondent           :

# **O R D E R**

AND NOW, this 31st day of January, 2019, the adjudication of the Pennsylvania Board of Probation and Parole, dated June 1, 2018, is AFFIRMED.

                                        _____

                                        MARY HANNAH LEAVITT, President Judge